McAdam, J.
The action was to enjoin the defendant from violating certain conditions of a written agreement bearing date •January 24, 1893. The instrument recites that the plaintiff is engaged in the soap manufacturing business, that he is about to employ the defendant as driver and salesman, “ during the pleasure •of the plaintiff,” at a weekly salary, that he may impart to the defendant certain trade secrets and the names of his customers. The defendant in consideration thereof agrees that he will never make known any of the secrets, or other information he may receive, .and he covenants 1S that within the city and county of Hew York, he will not for himself nor for any person or persons, directly or indirectly, engage in the business now carried on by the plaintiff, nor in any similar business, for the period of two years after leaving the employment of the plaintiff." The defendant left such employment in the fall of 1892, and commenced vending soap with a horse and wagon to patrons within the prohibited territory.
This, with an allegation that the defendant has solicited and taken customers from the plaintiff, are the main grievances of which the plaintiff complains. At the time of commencing the action the plaintiff obtained an ex parte order enjoining the defendant from engaging, either on liis own account or as driver, salesman, representative or agent of another, in the business of selling soap within the city of Hew York, during the life of the covenant. Upon the hearing of the motion to continue the injunction, the judge presiding at. special term modified the order “ so as to permit the defendant to purchase soap from manufacturers and sell the same,” and in this modified form the original injunction order was continued. The plaintiff appeals from so much of the order as contains the modification aforesaid. This is the only matter we are called upon to review. The covenant was ■seemingly broad enough to have justified the continuance of the injunction without the modification- to which the plaintiff objects. The stipulation, though in restraint of trade, was partial, not gen* *158 eral, and so limited both as to time and place as to violate no rule of public policy. Diamond Match Co. v. Roeber, 106 N. Y., 473 ; 11 St. Rep., 47; Leslie v. Lorillard, 110 N. Y., 519; 18 St. Rep., 520; Good v. Daland, 121 N. Y., 1; 30 St. Rep., 636; Tode v. Gross, 127 N. Y., 480 ; 40 St. Rep., 300. Yet the court had before it the significant fact that the sole inducement to the covenant on the part of the defendant was at most a weekly employment terminable “ at the pleasure ” of the employer, and the further circumstance that it might be deemed inequitable in advance of the trial to enforce the covenant further than the beneficial rights of the plaintiff under the agreement imperatively required summary protection by injunctive relief. See Hodge v. Sloan, 107 N. Y., 244; 11 St. Rep., 770. These considerations-may have influenced the modification. At all events, no absolute right was withheld from the plaintiff, nor was the discretion reposed in the court abused.
The-plaintiff at the trial may perhaps succeed in establishing a. legal right to more relief than he has already obtained, but in the meantime the order appealed from must, for the reasons stated, be affirmed, with costs.
Freedman, J., concurs.